IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL GREEN                                                                                          PLAINTIFF

      v.    Civil No. 4:13-CV-04101

ROGER WISE; and
CHRISTINA OSWALT                                                                                   DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

  Plaintiff Michael Green filed this case *pro se* pursuant to 42 U.S.C. § 1983 on October 29, 2013.  ECF No. 1.  Now before the Court is Plaintiff's failure to comply with the Court's orders, Local Rules, and to prosecute this case.

  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.  BACKGROUND**

  Plaintiff originally filed his Complaint on October 21, 2013.  ECF No. 1.  In his Complaint, Plaintiff alleged Defendants denied him medical treatment.  ECF No. 1.  Defendants filed a Motion for Judgement on the Pleadings on January 29, 2014.  ECF No. 15.  Plaintiff did not respond.  On June 2, 2014, the Court received mail sent to Plaintiff returned as undeliverable.  This mail was sent to Plaintiff's address of record at the ADC Grimes Unit, 300 Correction Drive, Newport, Arkansas 72112.

  Through the Court's own research it has determined that Plaintiff is no loner incarcerated

in the ADC, however, the Court is unable to determine Plaintiff's current address. Therefore, the Court issued an Order to Show Cause to Plaintiff's address of record. This Order directed Plaintiff to show cause why he failed to notify the Court of his address change by July 28, 2014. Plaintiff failed to respond.

II.     **APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203

F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has failed to comply with at least one Court order—the Court's Order to Show Cause—and the Local Rules by failing to keep the Court informed of his current address. Further, Plaintiff has not communicated with the Court in this matter since January 7, 2014. ECF No. 11. Accordingly, I recommend Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Order to Show Cause, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 31st day of July 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE